**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DARLENE W. LOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-172-GKF-TLW |
| ) | |
| THE HONORABLE STEVEN CHU, ) | |
| Secretary, Department of Energy, in his official ) | |
| capacity as an officer of the United States, ) | |
| ) | |
| Defendant. ) | |

**OPINION & ORDER**

This matter comes before the court on the Motion for Partial Summary Judgment of plaintiff Darlene W. Low ("Low") [Dkt. #15] and the Motion for Summary Judgment and/or to Partially Dismiss of defendant Steven Chu, as Secretary of the U.S. Department of Energy ("the Secretary") [Dkt. #18].

Low is a federal employee of the Southwestern Power Administration ("SWPA"), a bureau-level entity within the United States Department of Energy. Secretary's Statement of Material Fact #1 [Dkt. #18, p. 3]. In November, 1989, Low was promoted to the position of Safety & Occupational Health Manager, GS-12, with SWPA. Secretary's Statement of Material Fact #2 [Dkt. #18, p. 3].

In March of 1999, Low sued the Secretary in this court, alleging gender discrimination based on the Secretary's failure to promote her to a GS-14 position. Secretary's Statement of Material Fact #3 [Dkt. #18, p. 3]; *see also Low v. DOE*, 99-CV-795-EA (hereafter, "*Low I*"). That suit ended with a written settlement agreement which provided:

> Defendant will, through proper channels, structure a new GS-14 position to be filled by Plaintiff. In order to effectuate such, Defendant will create a new GS-13/14 position entitled Special Assistant for Environmental, Safety and Health. Plaintiff will fill such position effective October 8, 2000, as a grade GS-14.

Secretary's Statement of Material Fact #3 [Dkt. #18, p. 3]; *see also Low v. Chu*, 2012 WL 996652 at *1 (N.D. Okla. 2012). On October 8, 2000, Low was promoted to GS-14 as agreed. Low has been paid, has received benefits, and has been listed in her personnel record as a GS-14 since October, 2000.

Since June of 2009, Low, represented by her husband Frederick C. Low, has filed seven more federal lawsuits related to her employment at SWPA: *Low v. Chu*, 09-CV-398-CVE (N.D. Okla.) (hereafter "*Low II*"); 09-CV-505-CVE (N.D. Okla.) (hereafter "*Low III*"); *Low v. USA*, 1:09-CV-532-TCW in the U.S. Court of Federal Claims (hereafter "*Low IV*"); *Low v. USA*, 1:10-CV-811-NBF in the U.S. Court of Federal Claims (hereafter "*Low V*"); *Low v. Chu*, 11-CV-268-TCK (N.D. Okla.) (hereafter "*Low VI*"); *Low v. Chu*, 11-CV-731-GKF (N.D. Okla.) (hereafter "*Low VII*"); and the case now before this court (hereafter "*Low VIII*").

In *Low II,* Low alleged, among other things, that in August of 2007, SWPA unilaterally removed certain environmental duties given to Low as part of the settlement agreement in 2000. Low further alleged that her position was below a GS-14 level even before the removal of her environmental duties. *See* Amended Complaint, Dkt. # 13, *Low II*, ¶¶ 3, 24. United States District Judge Claire V. Eagan dismissed Low's first Title VII retaliation claim and part of Low's second retaliation claim for failure to exhaust administrative remedies. Those claims pertained to adverse employment actions that allegedly occurred prior to 2007. *Low II*, Dkt. #22, 2010 WL 132461, at *6 (N.D. Okla. Jan. 8, 2010). Judge Eagan converted the remainder of the motion to a motion for partial summary judgment, granted additional time for briefing, and

subsequently granted summary judgment in the Secretary's favor on Low's remaining retaliation and discrimination claims for failure to exhaust administrative remedies because Low had not contacted an Equal Employment Opportunity ("EEO") counselor within 45 days of the personnel action. *Low II*, Dkt. #35, 2010 WL 503109, at *5-6 (N.D. Okla. Feb. 8, 2010). The ruling left one remaining claim in *Low II*—a hostile work environment claim—which Judge Eagan subsequently consolidated with *Low III*.

Following consolidation, Judge Eagan (1) granted summary judgment in favor of the Secretary on the hostile work environment claim, *Low v. Chu*, 2010 WL 4736294, at *8 (N.D. Okla. Nov. 16, 2010); (2) granted summary judgment in favor of the Secretary on the gender discrimination claim in *Low III* because Low failed to demonstrate that the adverse employment action (reclassification of her former supervisor's position in October of 2008 to include an engineering component, resulting in her inability to apply for that position) affected her differently than those outside the protected class; and (3) granted summary judgment to the Secretary on the retaliation claim because Low failed to show a causal connection between her protected conduct in 1999 and the allegedly retaliatory adverse employment action in 2008. *Id.* at *10-11. The court also held that, to the extent Low was attempting to base her claim on an alleged "secret breach" of the 2000 Settlement Agreement (Low's assertion that SWPA failed to provide supervisory experience at the GS-14 level as she alleges to be required by the settlement agreement), the Court lacked jurisdiction over such a claim, as it had not been brought in any of Low's EEOC charges. *Id.* at *9 n.40. The Tenth Circuit affirmed all three decisions. *Low v. Chu*, 450 F. App'x 700 (10th Cir. 2011).

On August 13, 2009, after she filed her complaints in *Low II* and *Low III*, but before those lawsuits were resolved, Low filed suit in the U.S. Court of Federal Claims (*Low IV*). Low

alleged the DOE breached the 2000 settlement agreement by removing her environmental duties and transferring them to a younger female employee. The Court of Federal Claims held it was without jurisdiction under 28 U.S.C. § 1500 (denying Court of Federal Claims jurisdiction over "any claim . . . pending in any other court") because Low's claims arose from the same operative facts, and request the same relief, as those in *Low II*. *Low v. U.S.*, 90 Fed. Cl. 447 (2009).

On August 22, 2010, Low filed another breach of contract action in the U.S. Court of Federal Claims. (*Low V*). The court held *Low V* was jurisdictionally barred because Low's right to appeal had not run on *Low II*, and therefore *Low II* remained pending at the time *Low V* was filed.

On February 7, 2011, Yvonne Ryan, a Human Resource Specialist with the Office of Personnel Management, issued a Position Evaluation Statement in which she classified Low's position as a Safety and Occupational Health Manager to be a GS-12 position. Low's Statement of Material Fact # 2 [Dkt. # 15, p. 6, Dkt. # 15-1, p.3]. Two months later, Ryan provided to the defendant a Position Description of a proposed GS-14 position for a Safety and Occupational Health Manager. Low's Statement of Material Fact # 4 [Dkt. #15, p. 7, Dkt #15-1, pp. 4-9].

In *Low VI*, filed May 3, 2011, Ms. Low made three claims: a retaliation claim; a hostile work environment claim, and a pay discrimination claim. In support, she alleged: (1) "Defendant's continuing failure to provide Plaintiff with GS-14 duties," Complaint, *Low VI*, Dkt. #2, ¶ 4; (2) that, since coming to SWPA, she had "never occupied a GS-14 position…", *id.* at ¶1c; (3) that her position had been classified in 2010 as "below the GS-14 level …" *id.* at ¶1a; and (4) that Chu had refused to "elevate Low's duties to the required level" *id.* at ¶6b. United States District Judge Terence C. Kern granted the Secretary's motion for summary judgment on the retaliation claim, concluding (1) that the employer's decision to conduct a second desk audit

could not be considered an adverse employment decision; and (2) that the alleged retaliatory actions of conducting a second desk audit and excluding Low from the process had only a *de minimis* impact on Low's future employment status or prospects. *Low v. Chu*, 2012 WL 996652, at \*5-6 (N.D. Okla. Mar. 23, 2012). Judge Kern observed:

> This case is unique due to the settlement agreement. Typically, a plaintiff would want a desk audit to result in a higher grade so that the employee would be entitled to more pay. Here, Plaintiff requested a desk audit [on May 4, 2010] to show that her duties did not warrant her current grade [of GS-14], such that Defendant was out of compliance with the settlement agreement.

*Low v. Chu*, 2012 WL 996652 at \*5, n.12. The court concluded that, since the Secretary admitted he would maintain Low's GS-14 status, even where Low's duties fell short, it was largely irrelevant whether the second desk audit resulted in a GS-13 or GS-14 classification.

Judge Kern also granted the Secretary's motion for summary judgment on the hostile work environment claim because Low presented no evidence that the second desk audit or her exclusion was gender-motivated and because the two incidents complained of were not sufficiently severe to create an abusive working environment. *Id.* at \*7-8.

Finally, Judge Kern dismissed Low's pay discrimination claim for failure to state a claim because (1) Low did not allege she received unequal pay for equal work performed by male employees or that she was paid too little for the GS-14 position she occupied; and (2) Low did not allege any discriminatory compensation decisions or "other practice" that resulted in unequal pay for equal work. *Id.* at \*9-11.

On July 31, 2011, Low was reassigned from a position entitled Aviation, Health and Safety Programs Manager, GS-14, Step 8, at $119,249.00 per year to a position entitled Aviation, Environmental, Safety & Health Program Manager, GS-14, Step 8, at $119,249.00 per year. [Dkt. #15-1, p.1].

In *Low VII*, filed November 30, 2011, Low made four claims. Those claims, and this court's disposition of those claims, were as follows:

First, Low alleged "gender discrimination in negative compensation disparity" because Low's GS-14 position has insufficient responsibilities to qualify as a GS-14 position, thus preventing her from advancing to GS-15. The court determined the claim was barred for failure to exhaust administrative remedies, and by claim preclusion.

Second, Low alleged retaliation on July 11, 2011, when, following the second desk audit in January 2011, her employer refused for six months to "share & rectify results from OPM desk audits." The court dismissed the claim for failure to exhaust administrative remedies, and due to claim preclusion.

Third, Low alleged retaliation on July 31, 2011, when her employer reassigned her from one GS-14 position to another that did not include supervision, "a necessary element to achieve a GS-14 grade." The court dismissed the claim for failure to exhaust administrative remedies.

Fourth and finally, Low asserted a breach of contract claim for failure to place Low in a position with GS-14 responsibilities in accordance with the 2000 Settlement Agreement. The court dismissed the claim as facially barred by the statute of limitations. Low did not appeal these decisions.

On January 12, 2012, the Secretary denied Low's December 29, 2011 request for a desk audit. [Dkt. # 18-1, 18-4]. The Secretary based his denial on "the frequency and dates of recent desk audits already conducted and the resulting position description established in consultation with OPM." [Dkt. #18-4].

On October 16, 2012, the Office of Personnel Management issued a Classification Appeal Decision wherein OPM concluded that Low's GS-14 position of Aviation,

Environmental, Safety and Health Program Manager is properly classified as Safety and Occupational Health Manager, GS-12. [Dkt. #26-1, pp. 1-18].

Low's eighth lawsuit against the Secretary, filed March 27, 2012, is now before this court. Low brings two claims: (1) "gender discrimination and/or retaliation" based upon the July 31, 2011 reassignment to a position she claims "was fraudulently classified at the GS-14 level"; and (2) retaliation based upon Low's supervisor's January 12, 2012, denial of Low's request for a desk audit of the position to which Low was reassigned.

Low seeks partial summary judgment on her first claim. The Secretary seeks summary judgment on both claims, and, alternatively, seeks dismissal of the first claim.

## Discussion

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Federal Rule of Civil Procedure 56(a) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 670 (10th Cir. 1998). A court must examine the factual record in the light most favorable to the party opposing summary judgment. *Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995).

When the moving party has carried its burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-

87 (1986) (citations omitted). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler*, 144 F.3d at 670. In essence, the inquiry for the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Where, as here, evidence of discrimination is circumstantial, rather than direct,[1] a plaintiff's claim is subject to the *McDonnell Douglas* burden-shifting framework. *Ramsey v. City & Cnty. of Denver*, 907 F.2d 1004, 1008 (10th Cir. 1990). Under *McDonnell Douglas*, a plaintiff carries the initial burden of establishing a prima facie case of discrimination. *Id.* at 1007. The burden at this stage is "not onerous." *Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005).

To state a prima facie case of gender discrimination, a plaintiff must demonstrate (1) membership in the protected class; (2) adverse employment action; and (3) disparate treatment among similarly situated employees. *Id.* To state a prima facie case of retaliation, a plaintiff must show: "(1) that she engaged in protected opposition to discrimination, (2) that she suffered an adverse action that a reasonable employee would have found material, and (3) there is a causal connection between her opposition and the employer's adverse action." *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1087 (10th Cir. 2007). If a plaintiff states a prima facie case, the burden shifts to the employer to proffer "a legitimate non-discriminatory purpose for the adverse employment action." *Orr*, 417 F.3d at 1149. If the employer makes this offering, the plaintiff will avoid summary judgment only if she shows her sex was a determinative factor in

---

[1] Despite Low's arguments to the contrary, she has presented no direct evidence of gender discrimination or retaliation.

the . . . employment decision, or show[s] the [employer's] explanation for its action was merely pretext." *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F. 3d 1184, 1191 (10th Cir. 2000).

### A. Low's First Claim – Gender Discrimination and/or Retaliation on July 31, 2011

As previously discussed, Low's first claim is for gender discrimination and/or retaliation based upon her July 31, 2011 reassignment to a position she claims "was fraudulently classified at the GS-14 level" because the position lacks supervisory responsibilities. Complaint, Doc. #2, ¶¶ 11, 12. Essentially, Low alleges she has not been assigned duties at the GS-14 level which would give her an opportunity to be promoted.

Low seeks summary judgment on her first claim, arguing the Secretary's actions were an explicit violation of federal discrimination law and the Secretary has not articulated a legitimate reason for his actions. Conversely, the Secretary seeks summary judgment on the first claim, asserting Low has not demonstrated a prima facie case of gender discrimination or of retaliation in the classification of her July 31, 2011, reassignment, and that the Secretary has set forth legitimate non-discriminatory reasons for the reassignment to the position.

This case, like the others Low has filed, is unusual due to the 2000 Settlement Agreement, which requires the Secretary to "structure a new GS-14 position to be filled by [Low]." Most plaintiffs seek desk audits and/or OPM Classification Appeal Decisions to show a higher GS classification so the plaintiffs will be entitled to more pay. Here, as required by the 2000 Settlement Agreement, Low has been paid and has received benefits as a GS-14 since October 2000. She alleges, however, that her job duties do not warrant a GS-14 classification, that she is therefore being denied the opportunity to be promoted to GS-15, and that the July 31, 2011 reassignment constitutes gender discrimination and/or retaliation.

The Secretary contends Low's gender discrimination claim fails because she has presented no evidence of an adverse employment action. The Tenth Circuit has liberally defined the phrase "adverse employment action," and takes a case-by-case approach, examining the unique factors relevant to the situation at hand. *E.E.O.C. v. C.R. England*, 644 F.3d 1028, 1040 (10th Cir. 2011). In general, only those acts that "constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits will rise to the level of an adverse employment action." *Id.* (internal quotations omitted). However, certain actions that cause harm to future employment prospects, such as a negative job reference, can be considered an adverse employment action. *Id.* Although the term is not confined to monetary losses in the form of wages or benefits, a mere inconvenience or an alteration of job responsibilities does not constitute an "adverse employment action." *Id.* A plaintiff must show that the alleged adverse action caused more than "*de minimis* harm" to or a "*de minimis* impact" upon an employee's job opportunities or status. *Id.*

It is undisputed that the position Low held *prior* to July 31, 2011, had previously been classified on February 7, 2011, by Yvonne Ryan of OPM as a GS-12 position. And OPM has now concluded that the position to which Low was reassigned on July 31, 2011, is properly classified as a GS-12 position. Insofar as OPM classified both positions as GS-12, the reassignment of July 31, 2011, did not itself constitute an adverse employment action needed to state a prima facie case for gender discrimination. If the position to which Low was reassigned on July 31, 2011, inhibits her opportunities to be promoted to a GS-15 position, the position she held prior to that date did as well. Though the facts may support Low's oft-repeated position that the Secretary was out of compliance with the terms of the 2000 Settlement Agreement (both

before and after July 31, 2011), they do not support the contention that the reassignment of July 31, 2011 itself constituted an adverse employment action.[2]

Similarly, Low has failed to show that the reassignment of July 31, 2011, had more than a *de minimus* impact upon her future employment opportunities or prospects. As Judge Kern observed in *Low VI*,

> Defendant has maintained throughout this and prior lawsuits that Plaintiff's Grade 14 classification is "driven by the settlement agreement, not by general classification standards." [docket reference omitted]. Thus, Defendant has admitted that it would maintain Plaintiff's Grade 14 status, even where her duties fall short. This renders it largely irrelevant whether Ryan's desk audit resulted in a Grade 13 or 14 classification.

Similarly, in this case Low did not hold a less desirable position after the reassignment than before. The reassignment created no adverse effect, as her salary and benefits remained the same as they were prior to July 31, 2011.[3] Moreover, her GS-14 status remained the same before and after the reassignment, as is required by the 2000 Settlement Agreement. Low's speculations as to future actions that may be taken do not constitute evidence of an adverse employment action.

Low's gender discrimination claim also fails because she failed to show that she has been treated differently than other similarly situated employees. She has made no connection between her gender and the July 31, 2011 action of which she complains.

Title VII protects individuals "not from all retaliation," but only from retaliation "that produces an injury or harm." *Williams*, 497 F.3d at 1087. Low's retaliation claim arising from the July 31, 2011 reassignment fails because the reassignment did not constitute an adverse

---

[2] As previously mentioned, in *Low VII*, this Court dismissed Low's claim for breach of the 2000 Settlement Agreement as barred by the statute of limitations.

[3] Taking the OPM's October 16, 2012, assessment as true and accurate, the result to Low is higher pay and benefits under the 2000 Settlement Agreement than what an employee would normally receive for GS-12 work. Higher pay and benefits do not constitute harm against which Title VII is intended to protect.

employment action that produced an injury or harm a reasonable employee would have found material. In addition, Low has neither specified any protected activity nor shown any causal connection between that activity and the Secretary's alleged adverse action.

Finally, even if Low had stated a prima facie case for gender discrimination and/or retaliation in connection with the July 31, 2011 reassignment, the Secretary has articulated a legitimate, nondiscriminatory reason for the reassignment. The 2000 settlement agreement requires the Secretary to "structure a new GS-14 position to be filled by [Low]," and the Secretary states "Southwestern did its best to provide to Low those GS-14 level duties available within its organization which would best suit the structure and business needs of Southwestern." Low replies that the "we tried our best" articulated reason is an insult and simply another admission of continuous wrongdoing:

> Even if Defendant did not have appropriate duties within its organization to 'best suit the structure and business needs' the past twelve years, then Defendant should have offered a modified agreement or transfer to another unit. The last thing to do is to fake it and begin a twelve-year series of falsified position descriptions and fraudulent personnel actions.

Low's reply again speaks to her position that the Secretary has not complied for many years with the terms of the 2000 Settlement Agreement. However, Low fails to show that her gender was a factor in the July 31, 2011 reassignment or that the Secretary's explanation for the reassignment was merely pretext. The fact that OPM subsequently determined the position to be properly classified as GS-12 shows that the Secretary erred in his classification of the position, not that the reassignment was a pretext for gender discrimination.

For the reasons set forth above, the Court concludes the Secretary is entitled to summary judgment on Low's first claim for gender discrimination and/or retaliation occurring on July 31, 2011.

### B. Low's Second Claim – Retaliation on January 12, 2012

Low's second claim is based upon Low's supervisor's alleged retaliatory denial, on January 12, 2012, of Low's request for a desk audit of the position to which Low was reassigned on July 31, 2011.

The Secretary argues that the January 2012 decision to deny Low's request for a desk audit was not an "adverse employment action" that a reasonable employee would have found material, because the decision created no adverse effect on Low's employment opportunities, and her salary, grade, and benefits remained the same as they were prior to the denial. Low suggests in response that the adverse employment action was the denial of her opportunity to be promoted:

> Plaintiff's entire future career from 2000 forward was intentionally eliminated by Defendant. The settlement agreement which was to have put Plaintiff on a level playing field with the "boys club," was intentionally and secretly aborted. Defendant is naïve to continue to argue that pay is the total focus of employment, especially in the federal sector. With the dozen years Plaintiff has been denied opportunity to be promoted, Plaintiff could have gone to and through a senior management position and now part of the Senior Executive Service (SES). Additionally RHIP (rank has its privileges) is very much alive in the federal sector. With grade comes status, bigger and better offices, control of one's time, travel opportunities, better places to park, etc. The perk list goes on and on, especially at the higher GS levels denied to Plaintiff.

Plaintiff's Response, [Doc. #20, p. 12].

For the following reasons, the court concludes the January 2012 decision to deny Low's request for a desk audit did not constitute an "adverse employment action." First, the decision neither constituted a change in Low's employment status nor caused a change in Low's salary, grade, or benefits. Second, the decision to deny the requested desk audit did not produce an injury or harm. No reasonable employee would have found the denial of a desk audit materially

adverse, such that it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Williams*, 497 F.3d at 1087. Indeed, the evidentiary materials before this Court show: (a) that Low subsequently appealed her position classification to the U.S. Office of Personnel Management; (b) that the OPM accepted the appeal on May 25, 2012; and (c) that the OPM issued a Classification Appeal Decision on October 16, 2012. *See* Doc. # 26-1, pp 3, 1-18. Moreover, the January 2012 decision to deny the requested desk audit was not an adverse employment action because it did not produce injury or harm in the form of denial of Low's opportunity to be promoted. Rather, as reflected in the quoted excerpt, Low contends the Secretary has continually denied her that opportunity for the past dozen years. And to the extent the January 2012 decision may have produced any harmful impact on her job opportunities or status, Low has not shown that the impact was more than *de minimus*.

The third element of a retaliation claim is that a causal connection exists between the protected activity and the materially adverse action. Low's pleadings on this point are ambiguous. In her Complaint, Low suggests that the protected activity was her "request for a position audit of the falsified position description of July 31, 2011," and the materially adverse action was the Secretary's refusal to conduct the audit. *See* Complaint, ¶ 31. In her response brief, however, Low suggests the materially adverse action was the denial of her opportunity to be promoted.

Neither argument is sufficient. If the alleged adverse employment action was the denial of the position audit request, that argument fails for the reasons previously discussed. If, on the other hand, the adverse employment action is the alleged twelve-year-long denial of Low's

opportunity to be promoted, she has failed to show a causal nexus stemming from her "early January 2012"[4] position audit request.

For the reasons set forth above, this court concludes that Low has not established a prima facie case of retaliation under Title VII in connection with the January 12, 2012 denial of her request for a desk audit.

## The Alternative Motion to Dismiss

In his alternative Motion to Dismiss, the Secretary sought to dismiss Low's first claim in the event the Court denied both the Secretary's motion to dismiss the third claim in *Low VII* and the Secretary's motion for summary judgment on the first claim in this case. Insofar as both those motions have been granted, the Motion to Dismiss is moot.

WHEREFORE, the plaintiff's Motion for Partial Summary Judgment [Dkt. #15] is denied; the defendant's Motion for Summary Judgment [Dkt. #18] is granted; and defendant's alternative Motion to Dismiss [Dkt #18] is moot. A separate final judgment is entered contemporaneously herewith.

IT IS SO ORDERED this 1st day of March, 2013.

                                                   */s/ Gregory K. Frizzell*
                                                   GREGORY K. FRIZZELL, CHIEF JUDGE
                                                   UNITED STATES DISTRICT COURT

---

[4] The Secretary notes the actual date of Low's desk audit request was December 29, 2011. *See* Doc. # 18, n.1, and Exhibit 1 thereto (Low's email of 12/29/11 to her supervisor). The precise date of Low's request is immaterial.